CAROLINE D. CIRAOLO
Acting Assistant Attorney General

JONATHAN M. HAUCK
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 683
Ben Franklin Station
Washington, D.C. 20044-0683
Telephone: 202-616-3173
Facsimile: 202-307-0054
Email: jonathan.m.hauck@usdoj.gov
       western.taxcivil@usdoj.gov

Of Counsel:
DANIEL BOGDEN
United States Attorney

*Counsel for the United States*

IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) Case No. 2:15-cv-00458-RCJ-GWF |
| v. | ) |
| HARVEY L. CAGE, d/b/a CSN Tax Service, | ) |
| Defendant. | ) |

**[PROPOSED] STIPULATED ORDER OF PERMANENT INJUNCTION**

Plaintiff, the United States of America, and Defendant Harvey L. Cage, d/b/a CSN Tax Service, a sole proprietorship, (hereafter "Defendant") stipulate as follows:

1. Harvey L. Cage is the owner and custodian of records of CSN Tax Service.

1

2. The United States filed a complaint alleging that Defendant prepared tax returns which understated his customers' tax liabilities by claiming that his clients were entitled to exclude foreign earned income which his customers were not entitled to exclude.

3. Defendant admits that this Court has jurisdiction over his and over the subject matter of this action.

4. Defendant waives the entry of findings of fact and conclusions of law under Federal Rule of Civil Procedure 52 and 26 U.S.C. §§ 7402 and 7407.

5. Defendant enters into this Stipulated Order of Permanent Injunction voluntarily.

6. Defendant waives any right he may have to appeal from the Stipulated Order of Permanent Injunction.

7. Defendant acknowledges that entry of this Stipulated Order of Permanent Injunction neither precludes liability (e.g. the assessment of taxes, interest, or penalties) against him for asserted violations of the Internal Revenue Code, nor precludes Defendant from contesting any such liability.

8. Defendant consents to the entry of this Stipulated Order of Permanent Injunction without further notice and agrees that this Court shall retain jurisdiction over him for the purpose of implementing and enforcing this Stipulated Order of Permanent Injunction. Defendant further understands that if he violates this Stipulated Order of Permanent Injunction, he may be found to be in contempt of court and may be sanctioned for that.

9. Entry of this Stipulated Order of Permanent Injunction resolves only the government's civil injunction claim, and neither precludes the government from pursuing any

other current or future civil or criminal matters or proceedings against Defendant, nor precludes him from contesting his liability in any other matter or proceeding. Nothing in this Stipulated Order of Permanent Injunction should be construed as an admission of the allegations contained in the United States' complaint.

10. If Defendant violates the Injunction, he may be subject to civil and criminal sanctions for contempt of court.

11. Defendant retains the right to seek the dissolution of this injunction should a court of controlling precedent reach a final decision which states that a waiver of the 330 day requirement of 26 U.S.C. § 911 does not require adherence to the list of countries published pursuant to Treas. Reg. § 1.1911-2(f), or should the United States Congress amend or repeal 26 U.S.C. § 911 to the same effect. The United States reserves the right to oppose any such action seeking dissolution of this injunction.

WHEREFORE, the Court hereby FINDS, ORDERS, and DECREES:

A. The Court has jurisdiction over this action under 28 U.S.C. § 1340 and 1345 and under 26 U.S.C. §§ 7402 and 7407.

B. Defendant Harvey L. Cage, d/b/a CSN Tax Service, consents to the entry of this injunction and agrees to be bound by its terms.

C. Defendant has continually and repeatedly engaged in conduct subject to penalty under I.R.C. § 6694, and that injunctive relief is appropriate under I.R.C. § 7407 to bar him from engaging in conduct subject to penalty under I.R.C. § 6694.

D. Defendant has engaged in conduct that substantially interferes with the enforcement of the internal revenue laws, and that injunctive relief is appropriate to prevent the

recurrence of that conduct pursuant to the Court's inherent equity powers and I.R.C. § 7402(a).

E.   IT IS ORDERED that Defendant, in his own capacity and doing business under any other name, including CSN Tax Service, or using any other entity, and all persons in active concert or participation with him, are permanently enjoined under 26 U.S.C. §§ 7402 and 7407 from, directly or indirectly:

    i.    Promoting the exclusion of foreign earned income to others;

    ii.    Preparing, assisting in the preparation, supervising the preparation, or any other way being involved in the preparing or filing federal tax returns, amended returns, claims for refund, or other related documents or forms containing, reporting, or in any way involving foreign earned income;

    iii.    Preparing, assisting in the preparation, supervising the preparation, or any other way being involved in the preparing or filing federal tax returns, amended returns, claims for refund that contain Internal Revenue Service form 2555 (entitled "Foreign Earned Income") or its successors, if any;

    iv.    Preparing or assisting in preparing or filing federal tax returns, amended returns, claims for refund, or other related documents or forms that he knows or reasonably should know will result in an understatement of federal tax liability or the overstatement of federal tax refunds as prohibited by I.R.C. § 6694;

    v.    Preparing or assisting in preparing or filing federal tax returns, amended returns, claims for refund, or other related documents or forms that request a waiver of any of the requirements of the Internal Revenue Code or Treasury

Regulations;

vi. Preparing returns for customers and failing to provide his identifying number as required under I.R.C. § 6108(a)(4);

vii. Preparing returns for customers and failing to maintain copies of those returns, or a list of those returns by taxpayer identification number as required by I.R.C. § 6107(b);

viii. Engaging in any other activity subject to penalty under I.R.C. §§ 6694 or 6695; and

ix. Engaging in conduct that substantially interferes with the administration or enforcement of the internal revenue laws.

F. IT IS FURTHER ORDERED that Defendant within 30 days of this order, shall contact by United States mail and, if an email address is known, by email, all persons for whom he or CSN Tax Service prepared a federal tax return, amended return, or any other federal tax form which included a form 2555 or which referenced foreign earned income since January 1, 2012, to inform them of the permanent injunction entered against him, and include a copy of the Court's permanent injunction order, but no other documents or enclosures unless agreed to by counsel for the United States or approved by the Court, and file with the Court a sworn certificate stating that he has complied with this requirement;

G. IT IS FURTHER ORDERED that the Defendant shall produce to counsel for the United States within 30 days a list that identifies by name and preparer tax identification number (PTIN), or its equivalent, all persons who prepared or submitted tax returns on

behalf of the clients of CSN Tax Service or Harvey L. Cage since January 1, 2012, and any individuals who were an employee of, a contractor of, or in any other way related to CSN Tax Service or Harvey L. Cage who provided tax preparation services since January 1, 2012;

H.   IT IS FURTHER ORDERED that Defendant shall provide a copy of the Court's order to all of the principals, officers, managers, employees, and independent contractors of his tax return preparation business within three days of the Court's order, and provide to counsel for the United States within 30 days a signed and dated acknowledgment or receipt of the Court's order for each person to whom he provided a copy of the Court's order;

I.   IT IS FURTHER ORDERED that the United States shall be entitled to conduct discovery to monitor Defendant's compliance with the terms of any permanent injunction entered against him; and

J.   IT IS FURTHER ORDERED that the Court will retain jurisdiction over Defendant and this action to enforce any permanent injunction entered against him.

DATED:  December 8, 2015.

IT IS SO ORDERED

_____
UNITED STATES DISTRICT JUDGE

*Stipulated Permanent Injunction*
*against Harvey L. Cage d/b/a CSN Tax Service*

Prepared by:

CAROLINE D. CIRAOLO
Acting Assistant Attorney General

Dated: 9/28, 2015.

By: _____
JONATHAN M. HAUCK
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 683
Washington, D.C. 20044
202-616-3173 (v)
202-307-0054 (f)
jonathan.m.hauck@usdoj.gov

Of Counsel:
DANIEL BOGDEN
United States Attorney

Reviewed and Agreed:

Dated: 9/21, 2015.

_____
MACE J. YAMPOLSKY
Mace J. Yampolsky, LTD.

Attorney for Defendant
Harvey L. Cage, d/b/a CSN Tax Service

Dated: 9/21, 2015

_____
HARVEY L. CAGE, d/b/a CSN Tax Service